

**FILED**
MAR 25 2019
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

United States Federal Court
Northern District of Illinois
Eastern Division

Joseph Spiezer
Plaintiff

v.

Dickler, Kahn, Slowikowski and Zavell, Ltd
an Illinois Corporation
and
The Northbrook Country
Condominium Association, an Illinois Corporation
and Berkson and Sons, LTD, and Illinois Corporation

1:19-cv-02028
Judge Gary Feinerman
Magistrate Judge Susan E. Cox

1. This count is brought pursuant to US Code 1983.
2. That the defendant herein, Northbrook Country Condominium Association herinafter Association, by its Board of Managers, filed a forcible entry complaint against The June Spiezer Trust and June Spiezer as Trustee in September of 2012 in the Daley Center in downtown Chicago, which was the wrong venue for that action.
3. That the necessary parties in any complaint against a Trust are the Trust, the Trustee and the beneficiaries.
4. That June Spiezer died in November of 2011.
5. That the Trustee of a Trust cannot be a dead person.
6. That no living Trustee nor any beneficiaries were ever named.
7. That Joseph Spiezer appeared on the return date and suggested the death of June Spiezer, but was told that he wasn't a party and could not participate in the cause.
8. That KO Johnson entered an appearance for The June Spiezer Trust and also a motion to dismiss on behalf of the Trust.
9. That the Court, sua sponte, held that the failure to file a special and limited appearance gave the court jurisdiction, an argument not raised by the Board.
10. That special and limited appearances had been abolished in Illinois over ten years prior to the Court's ruling.
11. That even if the Court had jurisdiction over the Trust, it did not have jurisdiction over the living Trustee, Joseph Spiezer, or the Beneficiaries as they were never named.
12. That Joseph Spiezer, as Trustee, transferred title to the subject property from the Trust to himself on January 4, 2013 and so informed both Mr. Johnson and the lawyer for the Trust prior to the entry of any Order on January 10, 2011.

13. That the Board did not file a lis pendens nor did it ever name Joseph Spiezer as a defendant.
14. That on January 10, 2013 the Court entered Judgement in favor of the Board.
15. That KO Johnson filed a notice of appeal on behalf of the June Spiezer Trust but did not complete the appeal as there was no party available to pay his bill.
16. That in 2014, the Board rented the unit and in January 2015 the unit had a positive balance.
17. That 735 ILCS 5/9-111.1 requires the Board to turn over any excess to amounts due to the owner of the unit.
18. That in November of 2015, the unit had a positive balance in excess of $14,000.
19. That Joseph Spiezer, the owner of the unit, became aware that the unit had been rented and filed suit alleging, inter alia, that the unit had been rented and demanding an accounting.
20. That contrary to the statute, the Board not only failed to remit the excess rent, but after suit was filed moved to dismiss the lawsuit.
21. That the lawsuit also moved to vacate the prior judgment as void.
22. That Joseph Spiezer attempted to resolve the matter. The Board's attorney then requested that any settlement resolve all issues. Joseph Spiezer then emailed a proposal along with the language requested by the Board's attorney. No response was ever forthcoming.
23. That the Board argued, in opposition to that lawsuit, that it was barred by virtue of the collateral estoppel rule.
24. That collateral estoppel only applies to parties to a lawsuit, but Joseph Spiezer was not a party to the original lawsuit.
25. That the Court, sua sponte, inexplicably held that it had no jurisdiction to hear the case and dismissed it for lack of jurisdiction, an issue not raised by the Board.
26. That Joseph Spiezer then filed a motion to reconsider the Court's ruling.
27. That Joseph Spiezer filed a brief, the Board filed a response brief and Joseph Spiezer filed a reply brief on April 28, 2016.
28. That on May 2, 2016, the attorneys for the Board then hand delivered a letter and all documents filed related to Spiezer's complaint. The letter thanked the Court for allowing it to deliver those documents. Neither the letter nor the documents delivered were filed with the Clerk of Court.
29. That on May 9, 2018 the Court denied Spiezer's motion. Joseph Spiezer objected to the form of the order, wanting it to reflect the Court's finding of facts and conclusions of law. The Court directed Spiezer to wait until the end of the call to state his objections. At the end of the call, Spiezer approached the bench as directed by the Court. The Court then accused Spiezer of attempting to engage in ex parte communications with the Court. When Spiezer pointed out that he was doing as the Court directed, the Court summarily rejected Spiezer's objections.
30. Spiezer filed his notice of appeal on that date.

31. That the cover letter clearly demonstrates that the someone acting on behalf of the Association, or its attorney, and the Judge had engaged in ex parte communications in violation of Supreme Court Rule 63.
32. That on May 9, 2016, the Court denied Joseph Spiezer's motion to reconsider. The Board's attorney prepared an Order to which Joseph Spiezer objected. The Court directed Joseph Spiezer to wait until the end of the call to state his objections. At the end of the call Joseph Spiezer approached the bench to ask for findings of fact and conclusions of law. Before he could say anything, the Court accused him of attempting to engage in ex parte communications. Joseph Spiezer explained to the Court that he was following the Court's directions. The Court then summarily signed the Order.
33. Joseph Spiezer then appealed the case to the Appellate Court.
34. That Joseph Spiezer then filed a motion in the original case moving to vacate the judgment as void and for an accounting of the rents received by the Board.
35. The Board filed and objection to the motion based on the idea that since KO Johnson had represented the Trust and that he was now representing Joseph Spiezer that the principal of collateral estoppel barred the motion.
36. That the Court, sua sponte, ruled that he was without jurisdiction to hear the case. The Court told the parties that he was an expert in the case of People v. Bailey and that the revestment doctrine deprived the court of jurisdiction.
37. That Bailey says the exact opposite, stating that void judgments can be attacked either directly or collaterally.
38. That the Court made a final decision on April 9, 2017. That on that date Joseph Spiezer and KO Johnson were present in Court along with James Slowikowski as attorney for the Board.
39. That immediately after the Court's decision on that date, KO Johnson proceeded to the Clerk's office to file the notice of appeal.
40. That at that time Joseph Spiezer walked toward the bathroom on that floor where he encountered Mr. Slowikowski, who told him not to bother appealing because, "We have friends there, too."
41. That the First District Appellate Court decided the first appeal by Mr. Spiezer on March 29, 2017, holding, sua sponte, that because of the doctrine of revestment the trial court lacked jurisdiction, and that an action to attack a void judgment could only be made directly not collajterally, based on a case entitled People v. Flowers. Flowers holds the exact opposite,

stating that void judgments can be attacked in any court, directly or collaterally.
42. That Joseph Spiezer never received that opinion, but only received the mandate some time in May of 2017.
43. That upon receiving the mandate, Joseph Spiezer researched the case on the Appellate Court website and realized that the Mr. Slowikowski had not been joking.
44. That KO Johnson proceeded with the appeal of the direct attack on the void judgment.
45. That the Appellate Court held, sua sponte, that Joseph Spiezer was barred from filing the motion to vacate the void judgment as he had allowed the original appeal to be dismissed for want of prosecution.
46. That Joseph Spiezer had never been a party to that judgment, did not file an appeal from that judgment and therefore did not allow the judgment to be dismissed.
47. That even if Joseph Spiezer had been a party, nevertheless, the Board had an obligation to turn over the excess rents, an issue that no Court had addressed.
48. That jurisdiction is waived if not raised in a motion pursuant to 735 ILCS 5/2--301. That the Board has never raised such a motion while the June Spiezer Trust did and its motion was denied.
49. To recap, this case has been addressed by five Courts. No court has addressed the issues raised by the parties, much less adopted any of them, but has acted sua sponte to find some reason to rule for the Board, while at the same time failing to ever address the issue of the excess rent.
50. That it is clear that there have been ex parte communications between the Association and/or its lawyers and the Courts in this case which has resulted in Joseph Spiezer being deprived of his civil rights.

Wherefore the plaintiff prays for damages in an amount greater than $1,000,000

1. This count is brought pursuant to US Code, diversity of citizenship.
2. That Joseph Spiezer is currently a citizen of the State of Wisconsin and the defendant is a citizen of the state of Illinois.
3. That the defendant Northbrook Country Condominium Association improperly seized a certain condominium unit belonging to the plaintiff in January of 2013.
4. That the defendant then rented the unit, obtaining a surplus in November of 2015 of over $14,000.
5. That the defendant Berkson and Sons, LTD then improperly held such sums and failed and refused to turnover said sums to the plaintiff.
6. That 735 ILCS 5/9-111.1 required the Board, acting on behalf of the Association, to turn over any rent in excess of the fees claimed to be due to the Board.
7. That the statute places the obligation on the Board, acting on behalf of the Association, not on Joseph Spiezer.
8. That the failure to turn over the excess rent is the exertion of unauthorized control over the

property of another in violation of 720 ILCS 5/16-1.
9. That had the sum been turned over at that time, Joseph Spiezer, even if the initial taking had been proper, would have been entitled to the property as there was no amount due to the Board.
10. That the property has a rental value of not less than $2000 per month. That the amount therefore due at this time is not less than $78,000.
11. That the initial taking was not proper and the value of the unit was no less than $2000 per month from January, 2913 to the present resulting in damages of no less than $132,000.
12. That the conduct of the defendant is willful and wanton as well as fraudulent.

Wherefore the plaintiff prays for judgment in excess of $75,000 compensatory damages and in excess of $200,000 punitive damages

*Jury Demanded*      *Joseph Spiezer*

Joseph Spiezer
903 16th Street
Milwaukee, WI 53204
847-878-2121
joe5348@aol.com