UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH SPIEZER. | ) |
| Plaintiff, | ) No. 19 cv 2028 |
| v. | ) Magistrate Judge Susan E. Cox |
| DICKLER, KAHN, SLOWIKOWSKI and ZAVELL, Ltd.; THE NORTHBROOK COUNTRY CONDOMINIUM ASSOC.; and BERKSON & SONS, Ltd., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

For the reasons discussed herein, the Court rules as follows:

1) Defendant Dicker, Kahn, Slowikowski and Zavell Ltd.'s ("DKSV") Motion to Dismiss [10] is granted. All claims against DKSV are dismissed.

2) Defendants Northbrook Country Condominium Association and Berkson & Sons Ltd.'s Motion to Dismiss [15] is granted as to Count I, and entered and continued as to Count II.

3) Plaintiff and Defendants Northbrook Country Condominium Association and Berkson & Sons Ltd. shall provide additional briefing regarding Count II. Defendants' brief is due 12/23/2019 and Plaintiff's brief is due 1/13/2020.

## BACKGROUND

From the Court's review of Plaintiff's *pro se* Complaint and the accompanying materials, this case is the latest in a heavily litigated property dispute. The Court will focus only on the facts that are relevant to the pending motions as alleged in Plaintiff's Complaint. Where Plaintiff's Complaint is confusing or incomplete, the Court refers to the facts recited in the state court litigation that preceded the instant suit.[1]

---

[1] It is appropriate for a court to take judicial notice of state court decisions. *See Munoz v. Rivera*, 169 F. Supp. 3d 815, 818 (N.D. Ill. 2015) (citing *General Elec. Capital v. Lease Resolution*, 128 F.3d 1074, 1081 (7th Cir. 1997)).

1

Plaintiff's mother, June Spiezer, died in November 2011. (Dkt. 1 at ¶ 4.) Defendant Northbrook Country Condominium Association ("the Association"), acting through its Board of Directors ("the Board"),[2] filed a forcible entry complaint against the June Spiezer Trust and June Spiezer as Trustee in September 2012, seeking to recover common expenses owed on her condominium. (*Id.* at ¶ 2); *Bd. of Mgrs of Northbrook Country Condo. Assoc. v. Spiezer*, 103 N.E.2d 870, 871, at ¶ 1 (Ill. App. 2018). After the trial court entered default judgment and an order of possession in favor of the Association, Plaintiff successfully moved to have those orders vacated; the trial court then denied Plaintiff's motion to quash service and entered another order in favor of the Board. *Bd. of Mgrs. of Northbrook Country Condo. Assoc.*, 103 N.E.2d at 871, at ¶ 1.

Plaintiff was eventually named trustee over his mother's trust, and transferred the condominium from the trust to himself on January 4, 2013 via quitclaim deed. (Dkt. 1 at ¶ 12.) In 2014, the Board rented the subject unit and had paid off the overdue common expenses by January 2015. (*Id.* at ¶ 16.) At some point, Plaintiff became aware that Board had rented the unit and filed a motion in the state court seeking an accounting. (*Id.* at ¶ 19.) Plaintiff claims that the Board had obtained $14,000 in "surplus" as of November 2015, and that Defendant Berkson & Sons Ltd. ("Berkson & Sons") "improperly held such sums and failed and refused to turnover said sums to the plaintiff." (*Id.*, Count II at ¶¶ 4-5.) Plaintiff alleges that the positive balance on the unit was approximately $78,000 as of the filing of his complaint in the instant action. (*Id.*, Count II at ¶ 10.)

Ultimately, for reasons that are not germane to the instant motions, Plaintiff was unsuccessful in all his state court litigation. Plaintiff alleges that attorneys for the Board (presumably Defendant DKSV) hand delivered a letter and all documents filed related to the

---

[2] Although the Association is named in the case caption, many of the allegations in the Complaint are against the Board. For the purposes of this opinion, the Court will similarly use the two terms interchangeably.

state court case, and that the attorneys, the Board, and the state court judge "engaged in *ex parte* communications in violation of Supreme Court Rule 63." (*Id.* at ¶28, ¶ 31.) Plaintiff also alleges that an attorney for the Board warned Plaintiff not to appeal an unfavorable ruling because they had "friends [on the Illinois Appellate Court], too." (*Id.* at ¶ 40.)

Plaintiff filed the instant suit on March 25, 2019, and the parties consented to this Court's jurisdiction on October 25, 2019. (Dkt. 1, 29.) Plaintiff's complaint brings two causes of action. Count I is brought pursuant to 42 U.S.C. § 1983, and appears to be against the Association and DKSV (Berkson & Sons are not mentioned anywhere in this Count). Count II is slightly less clear, but from the Court's review of the allegations appears to be a claim under 735 ILCS 5/9-111.1.[3] All Defendants filed to dismiss Plaintiff's complaint, and those motions are now fully briefed and ripe for disposition.

## DISCUSSION

### I. LEGAL STANDARD

Defendants have moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In ruling on a motion pursuant to Rule 12(b)(6) the Court must treat the allegations in the complaint as true and give the Plaintiff the benefit of any reasonable and favorable inferences from those allegations. *Anicich v. Home Depot U.S.A., Inc.*, 852 F.3d 643, 646 (7th Cir. 2017).

### II. COUNT I

The Court dismisses Count I against all Defendants because Plaintiff has failed to allege that any of the Defendants were acting under color of state law. 42 U.S.C. § 1983 provides that "[e]very person who, *under color of any statute, ordinance, regulation, custom, or usage of any*

---

[3] Count II states that it "is brought pursuant to US Code, diversity of citizenship." (Dkt. 1 Count II, at ¶ 1.) This is, of course, a basis for subject matter jurisdiction, not a cause of action. The only other statute cited is 720 ILCS 5/16-1, which is a criminal theft statute and not the basis for a cause of action. That leaves only 735 ILCS 5/9-111.1 as a potential basis for a cause of action. Having reviewed the factual allegations in the Complaint, the Court believes that statute encompasses the thrust of Plaintiff's allegations in Count II.

*State or Territory or the District of Columbia* . . . shall be liable to the party injured in an action at law" for committing a Constitutional tort. Private actors generally cannot be sued under § 1983. *Alarm Detection Sys., Inc. v. Village of Schaumberg*, 930 F.3d 812, 825 (7th Cir. 2019). However, "[t]he 'conspiracy theory,' or 'joint participation doctrine,' provides an exception: if a private actor conspires with a state actor to deprive someone's constitutional rights, the private actor may be subject to a § 1983 suit." *Id.* (citing *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019)). "To establish § 1983 liability through a conspiracy theory, a plaintiff must demonstrate that: (1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights, and (2) those individual(s) were willful participant[s] in joint activity with the State or its agents." *Spiegel*, 916 F.3d at 616 (quoting *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998)).

All the Defendants in this case are private actors. As such, Plaintiff would have to allege that they fall within one of the exceptions to the bar on § 1983 liability for private actors. The Court believes that the only potentially applicable exception is so-called "conspiracy theory" liability. At best, Plaintiff has alleged that DKSV engaged in *ex parte* communications with the state court, and bragged about having friends on the Illinois Appellate Court. Even accepting these facts as true, and drawing all inferences in favor of Plaintiff, the Court does not believe that the Complaint adequately pleads a cause of action under § 1983. Plaintiff has failed to identify any state official with whom Defendants reached an understanding, what that understanding may have been, or that Defendants were willful participants in any such conspiracy. Therefore, the Court dismisses Count I against all Defendants.

### III. COUNT II

The Court does not believe it has sufficient information to rule on Count II, and therefore orders additional briefing. As noted above, the Court believes that Count II attempts to make out

4

a cause of action under 735 ILCS 5/9-111.1. That statute allows a condo board to lease a condo unit to a bona fide tenant after an eviction order has been entered and possession of the premises has been delivered to the condo board. 735 ILCS 5/9-111.1. Any rental proceeds shall first be applied to the outstanding assessments and any other fees and costs associated with the eviction proceedings, and then "[a]ny surplus shall be remitted to the unit owner." 735 ILCS 5/9-111.1.

The Court notes that Count II does not seem to bring a cause of action against DKSV, and Plaintiff has not alleged DKSV was ever in possession of any rental proceeds or involved in the rental of the subject condominium unit in any way. Therefore, to the extent that Count II was intended to include DKSV, Count II is dismissed against that Defendant.

For the remaining Defendants, the Court does not have enough information to rule on Count II. Most of the brief submitted by the Association and Berkson & Sons is devoted to arguing that Count II does not satisfy the pleading requirements of Fed. R. Civ. P. 8. The Court disagrees, particularly given the relaxed pleading standards for *pro se* litigants like Plaintiff. The Court believes it is easy to decipher what Plaintiff is alleging in Count II. He believes that the condominium unit that he owns was rented out by the Association, that a surplus was accrued, and that the Association should have remitted that surplus to him under 735 ILCS 5/9-111.1. However, because the Association's brief did not discuss the substance of this claim, the Court is not in a position to make a ruling on Count II at this time. The Court is unsure whether Count II is barred by collateral estoppel, *res judicata*, laches, the *Rooker-Feldman* doctrine, or any other theory.[4] Similarly, the Court is not certain whether Plaintiff meets the substantive elements necessary to make a claim under 735 ILCS 5/9-111.1, or whether the remaining defendants

---

[4] The Court rejects Defendants' argument that Plaintiff lacks standing to bring this suit. All that is required to establish standing is: (1) injury in fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1574 (2016). The Plaintiff alleges that Defendants improperly withheld surplus rent that is owed to him, thereby satisfying the first two prongs. If Plaintiff were to prevail on that claim, the Court would enter a judgment for damages in his favor, which would redress the alleged wrong.

(especially Berkson & Sons) can be held liable under the statute. As such, the Court orders additional briefing on Count II: Defendants' brief is due 12/23/2019 and Plaintiff's brief is due 1/12/2020.

## **CONCLUSION**

For the reasons discussed herein, the Court rules as follows:

1) Defendant DKSV's Motion to Dismiss [10] is granted. All claims against DKSV are dismissed.

2) Defendants Northbrook Country Condominium Association and Berkson & Sons Ltd.'s Motion to Dismiss is granted as to Count I, and entered and continued as to Count II.

3) Plaintiff and Defendants Northbrook Country Condominium Association and Berkson & Sons Ltd. shall provide additional briefing regarding Count II. Defendants' brief is due 12/23/2019 and Plaintiff's brief is due 1/13/2020.

**ENTERED: December 16, 2019**

_____
U.S. Magistrate Judge, Susan E. Cox