UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH SPIEZER. | ) |
| | ) |
| Plaintiff, | ) No. 19 cv 2028 |
| | ) |
| v. | ) Magistrate Judge Susan E. Cox |
| | ) |
| DICKLER, KAHN, SLOWIKOWSKI and ZAVELL, Ltd.; THE NORTHBROOK COUNTRY CONDOMINIUM ASSOC.; and BERKSON & SONS, Ltd., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

For the reasons discussed below, the Court rules as follows: Defendants Northbrook Country Condominium Association and Berkson & Sons Ltd.'s Motion to Dismiss [15] is granted in part, and denied in part as to Count II. The motion is granted as to Berkson & Sons, Ltd. and that Defendant is dismissed from the case. The motion is denied as to Northbrook Country Condominium Association, and the case will go forward as to that Defendant on Count II.

## BACKGROUND

The Court only focuses on those facts that are pertinent to the motion to dismiss on Count II of Plaintiff's *pro se* Complaint. For a more fulsome review of the facts in Plaintiff's *pro se* Complaint and accompanying materials, the Court directs the reader to our previous opinion on Defendants' Motions to Dismiss in this matter. *See Spiezer v. Dickler, Kahn Slowikowski and Zavell, Ltd.*, 2019 WL 6838939 (N.D. Ill. Dec. 16, 2019). As noted in this Court's previous opinion, this matter is the latest in a series of ongoing litigation regarding a condominium unit that belonged to Plaintiff's late mother.[1] One portion of this litigation centered around a forcible entry and detainer complaint filed

---

[1] As in the previous opinion, where Plaintiff's Complaint is confusing or incomplete, the Court refers to the facts recited in the state court litigation that preceded the instant suit. It is appropriate for a court to take judicial notice of state court

1

by the Northbrook Country Condominium Association (the "Association") seeking possession of the condominium unit and common expenses owed. *Bd. of Mgrs. of Northbrook Country Condo. Assoc. v. Spiezer*, 103 N.E.3d 870, 872 at ¶ 6 (Ill. App. 2018). On January 4, 2013, Plaintiff quitclaimed the condominium unit to himself, but the trial court entered an order of possession in the Association's favor on January 16, 2013. *Id.* at ¶ 7. Plaintiff filed a notice of appeal, but the appeal was dismissed for want of prosecution. *Id.*

Plaintiff took no action in that forcible entry litigation until 2016, when Plaintiff filed a motion to vacate the January 2013 possession order, and "asserted he should be allowed to intervene to vacate the January 16, 2013 judgment, to present a motion for accounting, and to obtain judgment in his favor for rental income the Board received on the property after entry of the order of possession." *Id.* at ¶ 8. Several months later, Plaintiff's "new attorney filed another motion seeking an accounting and asking the trial court to vacate the January 16, 2013 judgment and enter judgment in [Plaintiff's] favor." *Id.* at ¶ 9 The trial court denied those motions for lack of jurisdiction, and Plaintiff appealed. *Id*. The Appellate Court affirmed the trial court's decision, reasoning that Plaintiff had let his appeal lapse, thereby stripping the appellate court of jurisdiction to hear the case several years later. *Id.* at ¶¶ 14-15.

Meanwhile in a parallel suit, the mortgagee for the relevant condominium unit initiated a mortgage foreclosure action in 2012. *Citibank N.A. v. Spiezer*, 2017 IL App. (1st) 161291-U, 2017 WL 1238427 at ¶ 2 (Ill. App. Mar. 30, 2017). In August 2015, Plaintiff sought leave to file a third-party complaint for accounting and possession against the Association "based on the judgment entered in a separate forcible entry and detainer action filed by the Association" in the state court case described above. *Id.* The court in the foreclosure action granted the Association's motion to dismiss

---

decisions. *See Munoz v. Rivera*, 169 F. Supp. 3d 815, 818 (N.D. Ill. 2015) (citing *General Elec. Capital v. Lease Resolution*, 128 F.3d 1074, 1081 (7th Cir. 1997)).

Plaintiff's third-party complaint, and Plaintiff appealed. *Id.* at ¶¶ 2-3. The appellate court affirmed the trial court, reasoning that "Spiezer's third-party complaint sought to relitigate issues pertaining to the Association's forcible entry and detainer action, in which a final judgment was entered in February 2013 and that appeal was dismissed for want of prosecution." *Id.* at ¶ 14. According to the appellate court, "[t]he appropriate forum for the allegations raised in Spiezer's third-party complaint was the municipal court in which the forcible entry and detainer action was litigated." *Id.* at ¶ 15. A judicial sale of the unit was held on June 22, 2018, and the sale was recorded with the Cook County Recorder of Deeds on July 23, 2018. (Dkt. 40, Exs. A-B.)

Currently before the Court is Defendants Northbrook Country Condominium Association and Berkson & Sons Ltd.'s Motion to Dismiss Count II of Plaintiff's Complaint, which this Court interpreted as a cause of action under 735 ILCS 5/9-111.1. In Count II, Plaintiff alleges the Association rented the subject unit and had paid off the overdue common expenses by January 2015. (Dkt 1 at ¶ 16.) Plaintiff claims the Association had obtained $14,000 in "surplus" as of November 2015, and that Berkson "improperly held such sums and failed and refused to turnover said sums to the plaintiff." (*Id.*, Count II at ¶¶ 4-5.) Plaintiff alleges the positive balance on the unit was approximately $78,000 as of the filing of his complaint in the instant action. (*Id.*, Count II at ¶ 10.) Because none of the parties discussed the substantive merits of such a claim in their initial round of briefing, the Court ordered additional briefing on this issue. The Court has reviewed that briefing and finds that Count II should be dismissed against Berkson & Sons Ltd. ("Berkson"), but that Count II should go forward against the Association.

## DISCUSSION

### I. LEGAL STANDARD

Defendants have moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In ruling on a motion pursuant to Rule 12(b)(6)

3

the Court must treat the allegations in the complaint as true and give the Plaintiff the benefit of any reasonable and favorable inferences from those allegations. *Anicich v. Home Depot U.S.A., Inc.*, 852 F.3d 643, 646 (7th Cir. 2017).

**II.     COUNT II**

The statute in issue allows a condo board to lease a condo unit to a bona fide tenant after an eviction order has been entered and possession of the premises has been delivered to the condo board. 735 ILCS 5/9-111.1. Any rental proceeds shall first be applied to the outstanding assessments and any other fees and costs associated with the eviction proceedings, and then "[a]ny surplus shall be remitted to the unit owner." 735 ILCS 5/9-111.1. For the reasons discussed below, the Court finds that Plaintiff's cause of action brought pursuant to 735 ILCS 5/9-111.1: A) is not barred by *res judicata* against the Association; B) sufficiently pleads a cause of action to survive a motion under Federal Rule of Civil Procedure 12(b)(6); and C) is not a proper cause of action against Berkson.

**A.     *Res Judicata* as to the Association**

Under Illinois law, for *res judicata* to apply, "the following three requirements must be satisfied: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of cause of action, and (3) there is identity of parties and their privies." *Baek v. Clausen*, 886 F.3d 652, 660 (7th Cir. 2019) (quoting *River Park, Inc. v. City of Highland Park*, 184 Ill.2d 290, 703 N.E.2d 883, 889 (1998)). Regarding the second element, "[t]he bar to subsequent litigation 'extends to what was actually decided in the first action, as well as those matters that could have been decided in that suit.'" *Id.* (quoting *River Park*, 703 N.E.2d at 889).

In this case, the third factor is clearly met, as both the Association and Plaintiff were parties to above-referenced state court action. The court finds the first factor is also met. Contrary to Plaintiff's contention, there was a final judgment on the merits in the underlying cases. In the foreclosure action, a judicial sale was completed and recorded. In the forcible entry action, the trial

4

court entered an order of possession in favor of the Association and against Plaintiff, which qualifies as a final judgment on the merits for purposes of *res judicata* under Illinois law. *See McDuffie v. Loney*, 2017 WL 6039949, at *4 (N.D. Ill. Dec. 6, 2017) (citing *Derrick Family: Hawthorne v. Silverleaf Funding, LLC*, 2017 WL 2573213, at *5, n.6 (N.D. Ill. June 14, 2017)). Plaintiff filed a timely appeal of that decision, but did not prosecute that appeal and the appeal was dismissed.

The difficult question for this Court is whether the issue of surplus rent could have been decided in any of the underlying state court proceedings, such that the "identity of action" prong of the *res judicata* test is met. The Court believes the answer is no, and that *res judicata* does not apply to this matter. Regarding the foreclosure action, the answer is relatively simple. The Illinois Appellate Court plainly stated that the issues raised in Plaintiff's third-party complaint in that suit – which included seeking "an order and accounting of sums in the possession of the Association, an order for turnover of such sums, and an order granting [Plaintiff] immediate possession of the premises" – could only be properly brought before "the municipal court in which the forcible entry and detainer action was litigated." *Citibank*, 2017 WL 1238427 at ¶¶ 6, 15. Accordingly, it is clear Plaintiff could not have brought a claim under 735 ILCS 5/9-111.1 in the foreclosure action.

In the forcible entry litigation, Plaintiff also could not have brought a claim under 735 ILCS 5/9-111.1 at any time either. Plaintiff's appeal was dismissed for want of prosecution on August 28, 2013. *Citibank*, 2017 WL 1238427 at ¶ 5 n.1. According to the Complaint in the instant suit, the relevant unit was rented out at some point in 2014. (Dkt. 1 at ¶16.) In 2016, Plaintiff filed a motion seeking to vacate the January 2013 possession order and for an accounting, but that motion was dismissed for lack of jurisdiction as untimely, given the final order entered in 2013. *Bd. of Mgrs. of Northbrook Country Condo. Assoc.*, 103 N.E.3d at 872-73 at ¶¶ 9, 15. In light of this timeline, the Court cannot find that Plaintiff had the opportunity to litigate a claim under 735 ILCS 5/9-111.1 in the underlying state court proceeding. According to the state court's decision, it was divested of

jurisdiction at some point in 2013, and any subsequent filing by Plaintiff would probably have been dismissed by the state court for lack of jurisdiction. Meanwhile, Plaintiff's claims under 735 ILCS 5/9-111.1 could not have possibly come ripe at any time before 2014 when the unit started being rented out by the Association, according to Plaintiff's Complaint. In order for the Court to find that Plaintiff could have brought a cause of action pursuant to 735 ILCS 5/9-111.1 in the state court forcible entry action, the Court would have to identify a time when the state court retained jurisdiction over that matter and Plaintiff had a ripe claim for excess rent pursuant to 735 ILCS 5/9-111.1.[2] At this stage of the litigation, the Court having reviewed the Complaint, briefs, and state court decisions, and construing all the facts in the light most favorable to the Plaintiff and drawing all reasonable inferences in his favor, the Court does not believe any such time exists. As such, the Court will not dismiss Count II based on *res judicata* because there is no identity of cause of action between the instant suit and the state court forcible entry action.

**B.     Substantive Arguments re: Association**

The Association argues that Plaintiff's claim under 735 ILCS 5/9-111.1 also fails substantively because Plaintiff is not the unit owner. The Association notes that the unit was the subject of foreclosure proceedings as early as 2012 and was sold on June 22, 2018. "Therefore," the Association contends, "throughout this entire lawsuit, Plaintiff has not been the unit owner, and he cannot sustain a cause of action under section 111.1." (Dkt. 40 at 6.)

The Court rejects this argument. The Association elides a major issue, which is that Plaintiff contends he was the rightful owner from the unit between 2012 and June 22, 2018. The Association does not assert that the initiation of the foreclosure action deprived Plaintiff of any ownership rights

---

[2] Ultimately, the Court does not believe Count II arises from the same transaction as the forcible entry suit. *See Parungao v. Community Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017). In order to satisfy the transactional test under Illinois law, separate claims will be considered the same cause of action if they arise from a single group of operative facts. *Id.* The facts necessary to determine whether a possession order is appropriate are complete distinct from the facts necessary to determine the amounts of overdue common expenses and the amount of rent collected by a condo association. As such, the Court does not believe there is identity of causes of action for this reason as well.

he may have had over the unit during the pendency of those proceedings. Additionally, the Court does not believe that the statute is properly read as stripping an owner of his right to any surplus rents if the unit is sold a later date; the parties have not cited any case that stands for this proposition and the Court did not find any such case law in its research.[3] If Plaintiff can prove he was the owner of the unit at any time between when the Association began renting the condominium unit and the date of the foreclosure sale, and during that time period the Association collected surplus rent in excess of the amount of common expenses owed, Plaintiff would be entitled to surplus rent collected during that time period under 735 ILCS 5/9-111.1.

Finally, the Court also rejects the Association's argument that "Plaintiff's complaint is devoid of any allegations that he is not in arrears as to owed common expenses." (Dkt. 40 at 6.) The Plaintiff clearly alleges the amount due to him pursuant to Section 111.1 is $78,000. (Dkt. 1, Count II at ¶ 10.) Any fair reading of this *pro se* pleading would include an inference that Plaintiff believes that the rent collected by the Association greatly outstrips any overdue common expenses. While that may ultimately be false, the Court is not willing to dismiss Plaintiff's Count II on this basis at this stage in the litigation. Therefore, the Court denies the Association's motion to dismiss Count II.

    **C.**    **Berkson is Not a Proper Defendant Under the Statute**

As to Berkson, the Court believes it is not a proper Defendant under the statute and Count II should be dismissed as to this Defendant. The relevant statute provides the rights and obligations for condominium association boards and condominium unit owners. It does not reference any obligations to property managers. To the extent Plaintiff believes that Berkson "improperly held [surplus rent] and failed and refused to turnover said sums to the plaintiff," he may have another cause of action

---

[3] The case cited by Defendants is inapposite. *Circle Mgmt., LLC v. Olivier*, 882 N.E.2d 129 (Ill App. 2007), was a dispute between a tenant and a landlord and did not discuss the relevant statute at all. Although that case did state that "an appeal is moot if a specific property, possession or ownership of which is the relief sought on appeal, has been conveyed to third parties," this case is not an appeal and the relief sought is monetary damages not possession or ownership of the unit. *See id.* at 135.

against Berkson, but the Court is certain that 735 ILCS 5/9-111.1 is not an appropriate claim under the facts presented. Therefore, the Court dismisses Count II against Berkson.

## **CONCLUSION**

For the reasons discussed herein, the Court rules as follows: Defendants Northbrook Country Condominium Association and Berkson & Sons Ltd.'s Motion to Dismiss [15] is granted in part, and denied in part as to Count II. The motion is granted as to Berkson & Sons, Ltd. and that Defendant is dismissed from the case. The motion is denied as to Northbrook Country Condominium Association, and the case will go forward as to that Defendant on Count II.

**ENTERED: January 28, 2020**

_____
Hon. Susan E. Cox,
United States Magistrate Judge