UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH SPIEZER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 cv 2028 |
| | ) | |
| v. | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| DICKLER, KAHN, SLOWIKOWSKI and ZAVELL, Ltd.; THE NORTHBROOK COUNTRY CONDOMINIUM ASSOC.; and BERKSON & SONS, Ltd., | ) ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons discussed below, Plaintiff's Motion to Reconsider [41] is denied. A status hearing is set for 2/18/20 at 9:30 a.m. to discuss next steps in the litigation.

## BACKGROUND

Plaintiff filed the instant suit on March 25, 2019, and the parties consented to this Court's jurisdiction on October 25, 2019. (Dkt. 1, 29.) Plaintiff's complaint brings two causes of action. Count I is brought pursuant to 42 U.S.C. § 1983 against Defendants Dickler, Kahn, Slowikowski and Zavell, Ltd. ("DKSV") and the Northbrook Country Condominium Association (the "Association"). Defendants filed motions to dismiss Plaintiff's Complaint, and on December 16, 2019, this Court entered an order dismissing Count I of Plaintiff's Complaint.[1] (Dkt. 39) The Court reasoned that Plaintiff had failed to allege that DKSV and the Association were state actors or fell within the "conspiracy theory" exception to the bar on §1983 liability for private actors. (Dkt. 39 at 3-4.) The Plaintiff then filed the instant Motion to Reconsider, which has been fully briefed and is now ripe for disposition.

---

[1] The Court ordered additional briefing on Count II of Plaintiff's Complaint, and later dismissed Count II against Defendant Berkson & Sons, Ltd., but allowed the cause of action to go forward against the Association.

**DISCUSSION**

It is well established that "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *General Casualty v. United States Government*, No. 13 C 5596, 2014 WL 4269096, at *1 (N.D. Ill. Aug. 28, 2014) (Dow, J.) (quoting *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F. Supp. 2d 704, 707 (N.D. Ill. 2006)). "A 'manifest error' is not demonstrated by the disappointment of the losing party," instead it "is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000); *see also Bilek v. American Home Mortg. Servicing*, No. 07 C 4147, 2010 WL 3306912, at *1 (N.D. Ill. Aug. 19, 2010). Because the standards for reconsideration are exacting, the Court of Appeals has stressed that issues appropriate for reconsideration "rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

As for newly presented evidence, Plaintiff's motion presents very little; the majority of Plaintiff's motion repeats the allegations that were in his Complaint and rejected previously by the Court, and the remainder consists of information that is not relevant to whether DKSV and the Association were state actors. Plaintiff focuses primarily on a letter that an attorney at DKSV (representing the Association in state court) sent to the judge in the underlying state court proceedings "thanking [the judge] for allowing [the attorney] to present [the judge] the entire file relevant to the case." (Dkt. 42 at 2.) He then lists "[a] number of questions" that arise from that letter. (*Id.*) However, in order to state a claim upon which relief can be granted, Plaintiff's complaint must do more than ask questions and engage in speculation. It must allege facts upon which a reasonable juror could infer that DKSV and the Association were conspiring with a judge to deprive Plaintiff of his constitutional rights. As before, Plaintiff has failed to allege any concrete facts that "identify any state official with whom Defendants reached an understanding, what that understanding may have been, or that

Defendants were willful participants in any such conspiracy." (Dkt. 39 at 4.) In short, there is no new evidence presented in Plaintiff's Motion to Reconsider.

Nor has Plaintiff articulated a way in which this Court's prior opinion represented a manifest error of law or fact. In his reply brief, Plaintiff states that the "controlling precedent in this case" is not *Alarm Detection Sys., Inc. v. Village of Schaumburg,* 930 F.3d 812 (7th Cir. 2019), which this Court cited in its previous opinion, but instead *Dennis v. Sparks*, 449 U.S. 24 (1980). Plaintiff's reliance on *Dennis* is misplaced. That case stands for the proposition that otherwise private actors can be sued under § 1983 for conspiring to bribe a judge, even if the judge himself is immune from § 1983 liability. *See Dennis v. Sparks*, 449 U.S. at 27-28 ("the private parties conspiring with the judge were acting under color of state law; and it is of no consequence in this respect that the judge himself is immune to damages liability.") This Court's prior holding was not based on the premise that Defendants were shielded from liability because the only state actor in Plaintiff's Complaint with whom they could have conceivably conspired was a state court judge who has judicial immunity from § 1983 claims. Instead, the conclusion was based on the finding that "[a]t best, Plaintiff has alleged that DKSV engaged in *ex parte* communications with the state court, and bragged about having friends on the Illinois Appellate Court," which does not state a claim under the "joint participation doctrine." (Dkt. 39 at 4.) Simply put, these allegations do not rise to the level of a conspiracy between the state court judge and DKSV or the Association, and the Court does not find that its previous decision was a manifest error or law or fact.

## **CONCLUSION**

For the reasons discussed above, Plaintiff's Motion to Reconsider [41] is denied. A status hearing is set for 2/18/20 at 9:30 a.m. to discuss next steps in the litigation.

3

**ENTERED: February 6, 2020**

_____
Hon. Susan E. Cox,
United States Magistrate Judge